H. Troy Farahmand (State Bar No. 230345)
  htf@htflawfirm.com
Troy M. Mueller (State Bar No. 284535)
  tmueller.sw@gmail.com
LAW OFFICES OF H. TROY FARAHMAND
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone: (310) 560-0606
Facsimile: (310) 829-0225

Attorneys for Plaintiff
STAR FABRICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STAR FABRICS, INC., a California corporation,<br><br>                Plaintiff,<br><br>    vs.<br><br>THREE PLUS ONE, INC. DBA AUDREY 3+1, a California corporation;  JESSICA ISSLER DBA DAINTY HOOLIGAN an individual; ALICE IN WONDERLAND FROCKS, INC., a Massachusetts corporation; and DOES 1 through 10,<br><br>                Defendants. | Case No. 2:14-cv-08494<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff STAR FABRICS, INC. ("Plaintiff" or "Star"), by and though its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Star is the exclusive owner of unique, two-dimensional, graphic artwork. It acquires ownership of this artwork by creating it or purchasing it from other artists and designers. For profit, Star prints this artwork onto fabric which it then sells to the fashion industry. Because the value of Star's business is predicated on the value of these works, it spends a considerable amount of time and resources creating and obtaining top quality, marketable, and aesthetically-appealing designs.

In order to sell its fabric, Star provides potential customers with samples. Customers taking these samples agree not to modify, reproduce, or seek another's reproduction of the artwork appearing on the sample. If such modification or reproduction occurs, the value of Plaintiff's prints and coordinate value of Plaintiff's business depreciates.

This action is brought because reproduction and/or modification of one of Star's prints has nevertheless occurred. To remedy this harm, Star seeks to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of its intellectual property rights in its design, by Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § § 1331(m), 1338 (a-b).

3. Venue in the Central District is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the law of the State of California with its principal place of business located at 1440 East Walnut, Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant THREE PLUS ONE, INC. DBA AUDREY 3+1 ("AUDREY") is a limited liability company organized and existing under the laws of the state of California with its principal place of business located at 2250 E. 11th Street, Los Angeles, California 90021, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant, JESSICA ISSLER DBA DAINTY HOOLIGAN ("DAINTY") is an individual, who resides in the State of California at 2233 W. Balboa Blvd. Suite 103, Newport Beach, California 92663, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant, ALICE IN WONDERLAND FROCKS, INC. ("ALICE") is a corporation of unknown origin with its principal place of business located

at 50 Prospect Street, New Bedford, Massachusetts, 02748 and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 though 3, inclusive, are manufacturers and/or vendors of garments to Defendants, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual, or otherwise, of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff. Star therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

9. Defendant DOES 4 though 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff. Star therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agents, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the

1 remaining Defendants and was at all times acting within the scope of such 2 agency, affiliation, alter-ego relationship, and/or employment; and actively 3 participated in or subsequently ratified and adopted, or both, each and all 4 of the acts of conduct alleged, with full knowledge of all the facts and 5 circumstances, including, but not limited to, full knowledge of each and 6 every violation of Plaintiff's rights and the damages to Plaintiff 7 proximately caused thereby.

## CLAIMS RELATED TO DESIGN TITLE "63103"

9   11.   Prior to the conduct complained of herein, Plaintiff purchased 10 original source artwork from an Italian art studio and created a design 11 suitable for printing on textiles. Plaintiff allocated to this artwork the 12 Internal Design Code "63103" ("Subject Design") (attached hereto as 13 EXHIBIT 1").

14   12.   Plaintiff applied for a copyright registration for the Subject 15 Design from the United States Copyright Office and was granted 16 Registration No. VA 1-707-012 on January 22, 2010 (attached hereto as 17 "EXHIBIT 2").

18   13.   Prior to the acts complained of herein, Plaintiff sampled and 19 sold fabric bearing the Subject Design to numerous parties in the fashion 20 and apparel industries.

21   14.   Following this distribution of product bearing the Subject 22 Design, Plaintiff's investigation revealed that Defendants, and each of 23 them, created, manufactured, caused to be manufactured, imported, 24 distributed, and/or sold fabric and/or garments comprised of fabric

25

featuring a design which is identical, or substantially similar, to the Subject Design and/or distributed fabric bearing a design that is identical or substantially similar to the Subject Design and/or garments comprised of such fabric ("Subject Garments"). Said garments include but are not limited to units, photos of which are attached hereto as "EXHIBIT 3."

15. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design to prospective customers, and negotiated sales of fabric bearing the Subject Design.

16. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that AUDREY, ALICE, and DAINTY and DOE defendants were purchasing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments A").

17. Plaintiff's investigation further revealed that Infringing Garments A were sold by AUDREY, ALICE, and DOE defendants to DAINTY and DOE defendants.

18. Plaintiff is informed and believes, and thereon alleges, that AUDREY, ALICE, DAINTY, and DOE defendants made slight alterations to the Subject Design and had its modified design printed elsewhere, with knowledge that the Subject Design was Plaintiff's proprietary design.

19. None of the aforementioned transactions in Paragraphs 14 through 19 of this Complaint were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

# FIRST CLAIM FOR RELIEF

*(For Copyright Infringement – Against All Defendants, and Each)*

20. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth in the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other direct and third-party vendors, retail stores, and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs, swatches, paper CADs, and samples; and (d) access to garments in the marketplace manufactured from fabric lawfully printed through Plaintiff.

22. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing,

creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing, and/or selling Infringing Garments A through a nationwide network of retail stores and through on-line websites.

24. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

25. Due to Defendants' act of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

27. Plaintiff issued cease and desist letters to Defendants, and each of them, and is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters, Defendants, and each of them, continued to sell Subject Garments in violation of Plaintiff's right as the copyright proprietor and owner of Subject Design. Therefore Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages

1  under Section 504(c)(2) of the Copyright Act in the sum of up to one
2  hundred fifty thousand dollars ($150,000) per infringement.

3   28. Defendants, and each of them, willfully and intentionally
4  misappropriated, palmed-off, and/or infringed Plaintiff's copyrighted
5  Subject Designs, which renders Defendants, and each of them, liable for
6  statutory damages as described herein. Within the time permitted by law,
7  Plaintiff will make its election between actual damages and statutory
8  damages.

## SECOND CLAIM FOR RELIEF

*(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)*

12   29. Plaintiff repeats, re-alleges, and incorporates herein by
13  reference, as though fully set forth herein, the allegations contained in the
14  preceding paragraphs of this Complaint.

15   30. Plaintiff is informed and believes and thereon alleges that
16  Defendants, and each of them, knowingly induced, participated in, aided
17  and abetted in, and resultantly profited from the illegal reproduction,
18  importation, purchase, distribution, advertising, and/or sales of product
19  featuring the Subject Design as alleged hereinabove.

20   31. Plaintiff is informed and believes and thereon alleges that
21  Defendants, and each of them, are vicariously liable for the infringement
22  alleged herein because they had the right and ability to supervise the
23  infringing conduct and because they had a direct and financial interest in
24  the infringing conduct.

32. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Subject Garments after Plaintiff demanded that they cease and desist from engaging in same. Therefore Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants, and each of them willfully and intentionally misappropriated and/or infringed Plaintiff's copyrighted Subject Design, rendering Defendants, and each of them, liable for

statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. With Respect to Each Claim for Relief

    a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, advertising, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design in any manner (*see* 17 U.S.C. §502);

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or if elected, before final judgment, statutory damages as available under the Copyright Act (*see* 17 U.S.C. § 504);

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act (*see* 17 U.S.C. § 505);

    d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    e. That Plaintiff be awarded pre-judgment interest as allowed by law;

1    f.   That Plaintiff be awarded the costs of this action (*see* 17 U.S.C. § 505); and

2    g.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: November 1, 2014          H. TROY FARAHMAND
                                 LAW OFFICES OF H. TROY FARAHMAND


                                 By:  /s/ H. Troy Farahmand
                                      H. Troy Farahmand
                                      Troy M. Mueller

                                 Attorneys for Plaintiff
                                 STAR FABRICS, INC.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: November 1, 2014

H. TROY FARAHMAND
LAW OFFICES OF H. TROY FARAHMAND


By:   /s/ H. Troy Farahmand
      H. Troy Farahmand
      Troy M. Mueller

Attorneys for Plaintiff
STAR FABRICS, INC.